[Civ. No. 14623.   First Dist., Div. Two.   Mar. 5, 1951.]

MOHAMED HOSI, Appellant, v. WILLIAM B. LA VEY, Respondent.

598

Henry C. Clausen for Appellant.

Joseph T. O'Connor and Harold H. Cohn for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal from a judgment in favor of defendant in an action for damages for injuries arising out of an automobile accident. The trial court, sitting without a jury, found that defendant was negligent but that plaintiff's negligence proximately contributed to his injuries.

Appellant makes a number of contentions but they all in effect are that the evidence does not support the judgment in favor of defendant but on the other hand require a judgment in favor of plaintiff.   It is a rule too well established to require the citation of authorities that before an appellate tribunal is justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party which may reasonably be drawn therefrom, and excluding all evidence and inferences in conflict therewith, it still appears that the law precludes the rendering of judgment in favor of such prevailing party.  The evidence must be construed most strongly against the losing party and every favorable inference and presumption which may fairly be deduced from the evidence should be resolved in favor of the prevailing party.  The prevailing party's evidence must ordinarily be accepted as true and evidence which is contradictory must be disregarded. Bearing in mind this familiar rule which is too often not properly evaluated by counsel who insist upon arguing the weight of conflicting

evidence before an appellate tribunal, we shall give a brief summary of the evidence.

The accident occurred on a clear day in broad daylight at about 5:30 p. m. on 16th Street between Mission and Valencia Streets in San Francisco. At the intersection of 16th Street with Mission and Valencia Streets traffic signals were in operation. Between Mission and Valencia Streets there are a number of alleys which do not cross 16th Street. All of these alleys contain a roadway of less than 30 feet, except Julian Avenue which contains a roadway of exactly 30 feet. It was stipulated that the traffic code of San Francisco provides that an alley is a street with a roadway of less than 30 feet. Appellant was a pedestrian and with a companion walked from Mission Street down 17th to one of these alleys known as Hoff Street, then north on Hoff to 16th Street, and thence west on 16th to a point where another of these alleys known as Rondel Place comes to an end at 16th Street. There appellant testified that he looked to the right and to the left and saw no car approaching, so he and his companion proceeded across 16th Street. There is no crosswalk at this point but there was evidence that many people crossed 16th Street there. He testified further than when he had reached a point between the car tracks he again stopped and looked to the right and to the left, that everything seemed to be clear, and that he then continued across the street. At this time respondent was driving westerly on 16th Street between Mission and Valencia at a speed which he testified was 25 miles per hour but which another witness placed at 35 miles per hour. He testified in his deposition, which respondent introduced in evidence, that he did not see appellant until he was 7 or 8 feet from him, that he then put on his brakes and was going about 10 miles per hour when the right side of his car struck appellant. Appellant testified that he did not see respondent until after he was hit by the car. Respondent did not sound his horn. There was evidence that after the impact respondent opened his window and swore at appellant and then drove away, although respondent testified that he did not know he had struck appellant. The accident occurred about 50 feet east of Valencia Street.

The trial court found among other things, that respondent negligently, carelessly and recklessly operated his automobile at said time and place; that appellant was unaware and oblivious of the proximity of respondent, and that respondent did not know of the situation of appellant until he got within

10 feet of him; and appellant was careless and negligent in that he carelessly and negligently proceeded across 16th Street without reasonable or ordinary care for his own safety, which carelessness and negligence proximately concurred with the carelessness and negligence of respondent and proxi-mately contributed to any damage suffered by appellant.

■ Appellant first argues that the court committed rever-sible error in not finding respondent guilty of wilful and wanton misconduct. He asserts that respondent did not ap-pear personally at the trial to testify and "produced no evi-dence whatever to disprove the claims of negligence and wanton misconduct." He argues that, therefore, "contrary to the usual case the evidence must be construed favorably to appellant."

This contention of appellant is so lacking in merit that we need only point out that, while respondent did not appear at the trial, his deposition consisting of 30 pages of testimony was introduced into evidence, and that the question of whether respondent was guilty of wilful or wanton misconduct was a question of fact for the trial court. There is nothing in the record of the instant case which compels a finding that re-spondent was guilty of wilful or wanton misconduct.

■ Appellant's counsel's second contention is that the finding of the court that appellant was negligent is not sup-ported by the evidence. He states that he was an illiterate foreigner, 63 years old who for 23 years worked as a freight yard mechanic, and should only be held to the standard of care exercised by a reasonable man of appellant's class. No high degree of intelligence is necessary to enable a person to cross a street, and there is nothing in the record to indicate that appellant was either physically or mentally deficient. Upon the record here there is ample evidence to justify the court in concluding that appellant was negligent in proceed-ing to walk across the street at the point where he did when respondent's car was approaching. The court could well have doubted appellant's statement that when he was between the tracks in the middle of the street he looked to the right and saw no car approaching. Appellant's witness Brown, who was crossing the street behind appellant, saw respondent's car 100 feet away and testified "I stepped back myself because he was traveling pretty fast, and I got back a way to let him get by." It is difficult to understand how appellant, if he looked, could have failed to see respondent's car, if Brown saw it. We believe that the question of the negligence of

respondent and the contributory negligence of appellant were questions of fact for the trial court to determine, and that there is ample support in the record for the findings of the court upon these issues.

Appellant's final contention is that the court committed reversible error in not applying the doctrine of last clear chance to the demonstrated facts in the case. The difficulty with appellant's argument upon this point is that appellant is assuming facts contrary to findings of the court which are supported by the record. There is nothing in the record to justify or compel a finding that after respondent was aware of the peril of appellant he had a last clear chance to avoid the accident. It is doubtful whether, upon the record here, it would have been proper to submit the issue of last clear chance to the jury, if there had been a jury in this case, but there is no doubt whatever that the trial court had a right to weigh the evidence and conclude that the doctrine of last clear chance was not applicable.

Appellant has made an able and earnest argument upon the facts and the weight of the evidence, and if the judgment had been in favor of appellant his argument would be very helpful in pointing out evidence in support of the judgment. However, as an appellate tribunal our power in this case begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion of the trial court. We are convinced that, while the trial court might well have decided in favor of appellant, the judgment in favor of respondent finds ample support in the record.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied April 4, 1951, and appellant's petition for a hearing by the Supreme Court was denied April 30, 1951. Shenk, J., voted for a hearing.